IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 3:07-00159-4 Chief Judge Haynes |
| CHAD VINCENT, | ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court are Defendant Chad Vincent's motion to credit BOP time served, motion to amend judgment, and emergency motion. (Docket Entry Nos. 676, 677, 680).

As a matter of law, the Bureau of Prisons must initially decide any award of sentence credit. United States v. Wilson, 503 U.S. 329, 335-36 (1992). "[T]he district court cannot determine the amount of the [jail time] credit at sentencing." Id. at 335. Under 18 U.S.C. § 3585(b), Defendant must first exhaust his administrative remedies within the Bureau of Prisons, which has an administrative review of computation of sentence credits as set forth in 28 C.F.R. § 542.10-542.16. Id. Once Defendant exhausts h administrative remedies, any further challenge to any computation of a jail credit must be filed under 28 U.S.C. § 2241, United States v. Griffith, 89 F.3d 836 (table), 1996 WL 316504, *2 (6th Cir. June 10, 1996); in the district where Defendant is incarcerated. Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004). Accordingly, since Defendant is incarcerated in Bowling Green, Kentucky, Defendant should file any further challenge to jail credit with the United States District Court in the Western District of Kentucky.

It is so **ORDERED**.

ENTERED this the 24th day of January, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court